```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
NINA MILLARD,

                        Plaintiff,

            -against-

CITY OF NEW YORK; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x
```

**COMPLAINT**

Jury Trial Demanded

14-CV-5847

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Nina Millard ("plaintiff" or "Mr. Millard") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 8:15 p.m. on May 15, 2014, plaintiff was lawfully present inside her home at 219 Montauk Avenue, Apartment 3 in Brooklyn, New York.

13. Ms. Millard, the only adult in the house, was in her kitchen cooking; her three young sons, five-year-old twins and a one-year-old baby, were in the living room.

14. Suddenly, Ms. Millard heard a boom.

15. Moments later, several unidentified officers broke down Ms. Millard's door and entered with guns drawn, yelling.

16. Ms. Millard and her sons were utterly terrified.

17. The officers did not possess a search warrant for Ms. Millard's apartment.

18. Ms. Millard was pushed to the ground, separated from her children and handcuffed.

19. The officers lied to Ms. Millard and told her they had a search warrant.

20. Having committed no crime or offense, with nothing illegal in her apartment and no basis for it to be searched, Ms. Millard remained handcuffed for 20-30 minutes while her apartment was searched.

21. After the officers removed the handcuffs, they remained in her

apartment for several hours.

22. Ms. Millard and her children were not free to leave.

23. At Ms. Millard's insistence, an officer ultimately showed Ms. Millard a warrant.

24. The warrant was for another apartment on Ms. Millard's floor, Apartment 4.

25. Apartment 4, the target of the warrant, was also entered and searched.

26. Upon information and belief, officers knocked on the door to Apartment 4 and did not break it down.

27. The police remained in Ms. Millard's home for several hours while Apartment 4 was searched.

28. The officers refused to permit plaintiff's close friend, a trusted neighbor, to take plaintiff's children to her apartment.

29. The officers also refused to identify themselves to Ms. Millard, despite her repeated requests.

30. After several hours, without so much as an apology, the officers left Ms. Millard's apartment.

31. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

32. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

33. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

34. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress – including witnessing the trauma of her children, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Entry and Search

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they entered plaintiff's home and searched plaintiff without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

43. Plaintiff was conscious of her confinement.

44. Plaintiff did not consent to her confinement.

45. Plaintiff's confinement was not otherwise privileged.

46. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

47. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

53. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
## Negligence; Negligent Hiring/Training/Retention

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

57. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

58. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

59. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

63. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

64. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

65. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

68. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:    October 6, 2014
         New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*